CHARLES ULIN *vs.* SAMUEL B. FLANZBAUM.

JUNE 14, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an action of assumpsit to recover the sum of $1,395.84 due for the rental of two stores in Providence for the month of July, 1932, under a written lease, the terms of which were modified by a subsequent agreement. On the day that plaintiff brought this action in the Superior Court he brought another action against defendant in a district court to recover the sum of $697.92 due for the rental of the same stores for one half the month of June, 1932. Judgment was recovered in the district court and execution was returned fully satisfied in May, 1933.

In the present action, after the overruling of his demurrer to the declaration, defendant filed a special plea setting up the judgment and satisfied execution in the district court as a bar to this action, alleging that plaintiff had split his cause of action by bringing two suits for rent then due. To this plea plaintiff filed a replication which in substance sets forth, as the reason or "special circumstance" justifying the splitting of the cause of action, that there was absolutely no defense to his district court action for the June rent, whereas because of certain ejectment proceedings the plaintiff "had good cause to believe that the action for the July rent would be the subject of prolonged litigation." To this replication defendant filed a demurrer contending as a matter of law that nothing contained in the replication gave plaintiff a right to judgment on the portion of the claim which is the basis of the present action. The demurrer having been sustained by the Superior Court, the case is before this court on plaintiff's exception to the decision sustaining the demurrer.

While plaintiff raises some question as to the propriety of allowing defendant to follow a demurrer by the plea now before us, we find no reason for prohibiting defendant, his demurrer having been overruled, from filing the plea in question. Whatever plea might have been appropriate at the time the demurrer was filed, the present plea is one in bar of the action and, in the orderly course of pleading, may follow a demurrer.

Plaintiff argues that defendant, instead of filing the original demurrer to the declaration, should have filed a plea in abatement. However, he has not by motion to strike out or by demurrer questioned defendant's right to file the plea in question. By filing his replication he has raised certain issues. He cannot proceed to hearing on these issues and then, after decision against him, be heard to say that defendant should not have been allowed to file the plea upon which he unsuccessfully took issue.

Before us are but two questions; the first is: must all money due under a lease be sued for in the same action, or may the different amounts be sued for by separate writs?

The reason for the rule which prohibits the splitting of an action for money due which might be sued for in the same proceeding is to prevent multiplicity of suits. *Corey* v. *Miller*, 12 R. I. 337; *Potter* v. *Harvey*, 34 R. I. 71; *Pawt. & N. Y. Steam. Co.* v. *Nippon Silk Co.*, 53 R. I. 53. This rule applies to actions for installments of rent. In 1 C. J. 1115 it is stated: "Where rent is payable at stated intervals, a separate action may be brought to recover each installment as it becomes due, but all installments which are due and unpaid at the time an action is brought must be included in that action in order to be recovered." The rule should apply with full force to money due under a lease, for neither in logic nor in reason is there any basis upon which a lessor should not be held to the same standard as any other creditor unless, as in the case of any creditor, special circumstances justify the bringing of more than one action for money presently due.

The second question is whether the "special circumstance" alleged by plaintiff in the instant case justifies him in splitting the action. This circumstance, as alleged in the replication, is that one part of the rent—that included in the district court proceeding—was subject to no defense, but that the other portion which is sued for in the instant case will be subject to certain defense and its payment, if made, will be at the end of lengthy and complicated litigation.

While certain circumstances arising in the course of litigation have been held to be sufficient to justify splitting an action for a sum presently due, these circumstances are generally based upon some act of the defendant, in or out of court, which render it impractical or impossible to sue in one action for the entire amount due, as—for example—when there is an avoidance by defendant of service (*Van Damm* v. *Penrose*, 197 N. Y. Supp. 513) or a

peculiar delay in court proceedings (*Petersen* v. *Claire*, 193 N. Y. Supp. 543).

To allow the splitting of a claim for the alleged reason that there is a defense to one part and not to another will, as a practical matter, abrogate the rule. Giving to plaintiff the right to divide a single claim into as many parts as in his opinion will be defended or without defense will result in the very evil which the Rhode Island cases heretofore cited :seek to prevent, namely, allowing plaintiff to control the number of suits which he may bring for money due.

Plaintiff's exception is overruled and the case is remitted to the Superior Court for further proceedings.

*Clifford A. Kingsley, Francis V. Reynolds,* for plaintiff.
*Judah C. Semonoff,* for defendant.